### LANIER & CO. v. TOLLESON.

1. In action against a discharged bankrupt on a new promise to pay a debt contracted before the bankruptcy, a distinct, positive and unequivocal promise to pay must be shown to have been made by defendant after his discharge in bankruptcy; neither partial payment nor expression of an intention to pay amount to such promise.
2. Such a promise is sufficient, although only verbal, and made upon a condition, if the condition is shown to have been performed.
3. It is also sufficient, notwithstanding the plaintiffs' written consent to defendant's discharge in bankruptcy; for such discharge did not operate as an extinguishment, payment or release of the debt.
4. An exception not considered because couched in terms too general.
5. After a verdict responsive to the issues raised by the pleadings, the Circuit judge, on motion for new trial, is not bound to pass upon matters which should have been presented by requests to charge but were not; and his refusal to grant a new trial does not involve any ruling upon the grounds so taken in support of the motion.

---

Before WALLACE, J., Spartanburg, October, 1882.

Action by Lucius L. Lanier & Co. against Alfred Tolleson. The opinion states the case.

*Mr. J. S. R. Thomson*, for appellant.

*Mr. Stanyarne Wilson*, contra.

September 28th, 1883.    The opinion of the court was delivered by

MR. JUSTICE MCIVER.    This action, which was commenced February 10th, 1882, was brought to recover the amount due on two promissory notes, given by defendant to plaintiffs, one payable on June 9th, and the other on July 9th, 1877, prior to the discharge of the defendant in bankruptcy, the plaintiffs relying upon a promise alleged to have been made subsequent to such discharge.

. It appeared in evidence that the defendant was adjudged a bankrupt on March 6th, 1878, and was duly discharged on October 23d, 1879, with the written consent of plaintiffs to such discharge.    L. L. Lanier, one of the plaintiffs, was introduced as a witness, and testified that after defendant had filed his petition in bankruptcy, he paid him on account of said notes $20, and that after his discharge, to wit, on October 7th, 1881, the defendant paid him the further sum of $5, and at the same time " promised to pay them more the next time that he should see L. L. Lanier, one of the plaintiffs herein," and that in December, 1881, he promised to pay the balance due on said notes, " as soon as he was able."

The plaintiffs also put in evidence two letters of defendant written while the proceedings in bankruptcy were pending, in one of which, after asking plaintiffs to sign their consent to his discharge, he uses this expression :    " I hope to live to see the day when my friends will not regret this act of kindness," and in the other, after asking plaintiffs to forward proof of their debt to the register in bankruptcy, he says :    " I hope some day to be a man again, and will not forget my friends."    None of this testimony was objected to at the trial, and when the letters were offered in evidence " plaintiffs' counsel stated to the jury that these letters were introduced, not to prove a promise, (as those promises only could bind defendant that were made after his discharge in bankruptcy October, 1879,) but only to show that the

defendant had always intended to pay debts of this kind, and thus corroborate the testimony of Lanier." The tax returns of defendant, dated June 30th, 1882, were then introduced, showing personal property to the amount of $380, and real estate assessed at $2,500.

Defendant put in evidence his discharge in bankruptcy, and testified that he had never made the promise testified to by Lanier, and had not paid him the $5, as alleged, on the said notes; that he was auditor of the county for several years prior to 1876, and that his family consisted of himself, his wife and grandson, and that defendant's health was bad. M. A. Newland and James R. Tolleson were also offered as witnesses to corroborate defendant as to his version of the conversation between him and Lanier, in which the latter alleged the promise relied upon was made, and as to the alleged payment of the $5 to Lanier; but he offered no testimony as to his inability to pay the note at the time the action was commenced.

At the close of the testimony the defendant's counsel requested the Circuit judge to charge the jury " that the letters of Tolleson, put in testimony, do not constitute a new promise to pay the notes," to which the judge replied " that he considered that a question of fact for the jury, having told them what sort of a promise would bind defendant, to wit, that it must be a distinct, positive and unequivocal promise to pay, made after his discharge in bankruptcy, and that neither partial payment nor expression of an intention to pay, did amount to such promise. His Honor then turned to plaintiffs' counsel, in the presence of the jury, and asked him, did he claim that the letters constituted a promise to pay, and he replied that he did not. His Honor further charged that the question whether or not defendant made the promise to plaintiffs alleged in the complaint must be determined by them from all the testimony. That this question of fact must be determined from the testimony; that if the jury believed the testimony for the defense, the verdict must be in his favor, but if they believed the testimony for the plaintiffs they should find for the plaintiffs." In response to an inquiry from the court before the jury retired, defendant's counsel stated that he did not desire to make any other requests to charge.

The jury having found for the plaintiffs, the defendant moved for a new trial on the grounds "that the verdict was contrary to both law and the testimony ; that on a recovery on a new promise it was essential for plaintiffs to show that the promisor was more able to pay at time of suit than when the promise was made ; that such a promise to pay was to be governed or controlled or modified by the condition and wants of the defendant and his family, and that a promise to pay when able was not such a promise to pay as would support an action like this." The motion for a new trial was refused, the judge ruling "that if the testimony for the plaintiffs was believed by the jury, it was sufficient to sustain their verdict. He further ruled that the testimony whether or not defendant was able to pay had gone to the jury ; that they were the proper judges of the matter, and he was not disposed to disturb their finding. He remarked, by way of illustration, in refusing the motion, that he thought a promise to pay when able resembled a promise of an administrator to pay when in funds, but he did not take this as a reason for refusing the motion on this ground. In refusing the motion he also stated inferentially as much as is contained in paragraphs V. and VII. of the grounds of appeal, *infra,* inasmuch as he was requested, by such motion, to grant a new trial for the reasons contained in them, and he refused to do so, saying that the jury were the proper judges of the matter whether defendant was able to pay, and he was not disposed to disturb their finding. The matters contained in paragraphs IV., V., VI. and VII. of the grounds of appeal were not brought to the attention of his Honor by defendant's counsel, by request to charge or otherwise, till by this motion for a new trial."

The defendant appeals upon various grounds which will hereinafter be considered in detail. We are unable to perceive wherein the Circuit judge has committed any error of law, and that is all that we are at liberty to inquire into. The whole of his charge, we assume, is not before us, for in that portion of it which is stated in the "Case," nothing is said as to the fact that the promise relied upon was a conditional promise, and that in such a case it would be necessary to prove the allegation made in the complaint that the condition had been fulfilled, and that

defendant, at the time the action was commenced, was able to pay. But we can scarcely suppose that the Circuit judge omitted so to instruct the jury, or if he had, that the counsel for defendant would have failed to ask for such instruction; and it does not appear that there was any such request to charge. The jury were told, and properly told, that a promise which would be sufficient to bind the defendant " must be a distinct, positive and unequivocal promise to pay, made after his discharge in bankruptcy; and that neither partial payment nor expression of an intention to pay did amount to such promise." And then the jury were left to pass upon the question of fact. We do not see what more could be expected.

But we will proceed to consider the several grounds of appeal in which error is imputed to the Circuit judge. " I. In refusing to charge the jury that the letters of Tolleson, put in testimony, do not constitute a new promise to pay the claim." We think it clear, from the statement which we have made—copied largely from the " Case" as prepared for argument here—that this ground has been taken under a misapprehension of the charge. For it seems to us, from that statement, that the jury were not only so charged, in effect, but that the propositon contended for was emphatically impressed upon their minds by the distinct statement, twice made to them by the plaintiffs' counsel, that the letters were not offered in evidence for the purpose of proving a new promise, but simply for the purpose of corroborating the testimony of Lanier. We do not see, therefore, how the jury could have been misled, for when they were told by the Circuit judge that a promise to be binding must have been made after the discharge in bankruptcy, and when the letters showed on their face that they were written before such discharge, the jury must necessarily have known that the letters did not constitute such a promise as would bind the defendant, especially when the plaintiffs' counsel had twice, in their presence, distinctly disavowed offering the letters with any such purpose.

" II. In charging that if a verbal promise, such as is alleged in the complaint, was proved, the plaintiffs were entitled to recover." We do not exactly perceive the point of this exception. If the allegations of the complaint were proved, then it

would appear that the defendant, after his discharge in bankruptcy, had made a distinct and positive promise to pay, upon a certain condition which had been fulfilled ; and if so, we see no reason why the plaintiffs could not recover. If, however, the point of the exception is that the promise was merely verbal and not in writing, then we know of no authority here requiring such a promise to be in writing. It is only by special statutory enactment, and that, too, of recent date, that a promise to take a case out of the statute of limitations must be in writing ; but we know of no such statute requiring a promise to pay a debt, after the debtor has been discharged in bankruptcy, to be made in writing. But if it is meant that the promise alleged in the complaint was not sufficient, because it was conditional, we are unable to see any grounds for such a position. A conditional promise is, and ought to be, as valid and binding as any other when the performance of the condition has been proved. 1 *Pars. Cont.* 434; *Brown* v. *Joyner*, 1 *Rich.* 211; *Hayes* v. *Clinkscales*, 9 *S. C.* 441. And if the point of the exception is that the promise in this case cannot be enforced, because it is alleged in the complaint that the plaintiffs consented to defendant's discharge in bankruptcy, it is still without foundation. The reason why a promise to pay a debt voluntarily released cannot be enforced is that there is no consideration for such a promise. Hence, if the debt had been released in this case, there would have been no consideration for the promise relied upon. But a consent to a debtor's discharge in bankruptcy is a very different thing from a release of the debt. Such a discharge, like a successful plea of the statute of limitations, operates only as a bar to an action for its recovery, but does not operate as a payment, release or extinguishment of the debt. *Wilson* v. *Kelly*, 16 *S. C.* 216. Hence, the fact that the plaintiffs consented to defendant's discharge in bankruptcy is of no consequence here. The debt still remained unpaid, and the moral obligation to pay it constituted a sufficient consideration to support the promise relied upon.

"III. In refusing a new trial." It has been so repeatedly decided that an exception, couched in such general terms as this,

cannot be considered here, that we need not say more upon the subject.

"IV. In ruling, upon the motion for a new trial, that a promise to pay, when able, had the same effect as a promise of an administrator to pay when in funds." We do not understand that the Circuit judge so ruled, or, in fact, made any ruling at all upon this subject. All that he said was said by way of illustration; and it is expressly stated that he did not take this as a ground for refusing the motion. Indeed, what he really did say was that "a promise to pay when able, resembled a promise of an administrator to pay when in funds," and not, as alleged in this ground of appeal, that such a promise "had the same effect as a promise of an administrator to pay when in funds." The two promises may resemble each other, and, in fact, do, both being conditional promises, and yet they may, possibly, not have the same effect.

"V. In ruling that it was not essential to show, on a promise to pay when able, that the promisor was more able to pay at the time of suit than when the promise was made. VI. In ruling that the testimony of the plaintifis, if believed by the jury, was sufficient to sustain the verdict. VII. In ruling that a promise to pay, when able, was not to be governed or controlled or modified by the condition and wants of the defendant and his family." These three grounds of appeal will be considered together. They seem to have been taken under a misapprehension of the judge's ruling upon the motion for a new trial. It is true these were grounds urged in support of the motion for a new trial which was overruled, but they presented points which should have been, and were not, made by requests to charge. The Circuit judge, in rendering his decision upon a motion for new trial, did not undertake to pass upon them as separate and distinct propositions, as he need not have done. If they had been presented by requests to charge and had been refused, then, possibly, this appeal would have had better support. But after the jury have rendered their verdict, we are bound to assume that they were satisfied from the evidence that the promise had been made as alleged, and that the condition upon which it was made had been fulfilled. There having been no error of law in

the charge of the Circuit judge, as we have seen, all that he was called upon, by the motion for a new trial, to do, was to say whether the evidence adduced was sufficient to warrant the verdict. This he did, and from his decision, as to this point, there is no appeal.

The judgment of this court is that the judgment of the Circuit Court be affirmed.